# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL A. TORREY,**
**DOC # P44879,**

    Plaintiff,

vs.                                  Case No. 4:24cv267-AW-MAF

**CAPTAIN PARRISH, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, initiated this civil rights case in early July 2024. Plaintiff filed a § 1983 complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2, which was granted on July 9, 2024. ECF No. 4. Although Plaintiff's inmate bank account statement revealed no deposits had been made in his account, he maintained a balance which, pursuant to § 1915(b)(1)(B), required assessing an initial partial filing fee of $11.00 which was to be paid by August 12, 2024. *Id.*

    In mid-August Plaintiff requested an extension of time in which to file a current trust fund account statement and a motion requesting permission

to proceed without payment of the assessed fee. ECF No. 5. Plaintiff's motion was granted and Plaintiff was given until September 23, 2024, to either pay the assessed initial partial filing fee or file a motion presenting good cause to allow Plaintiff to proceed without such payment. ECF No. 6.

Plaintiff then filed another motion requesting an extension of time. ECF No. 7. Plaintiff sought a 30-day extension of time in which to pay the assessed initial partial filing fee, and the motion was granted. ECF No. 8. Plaintiff was given until October 31, 2024, to pay the assessed initial partial filing fee of $11.00. *Id.* Alternatively, Plaintiff was given the "same deadline in which to show that insufficient funds exist with which to pay the assessed initial partial filing fee, and to explain - along with a *current* Trust Fund Account Statement - how funds have been depleted along with a motion requesting permission to proceed without payment of the assessed fee." *Id.* As of this date, nothing further has been received from Plaintiff.

It would appear that Plaintiff has now abandoned this litigation. At any rate, Plaintiff has had four months with which to pay the assessed fee. Because Plaintiff has been provided sufficient time to comply with the in forma pauperis Order, ECF No. 4, this case should now be dismissed for failure to prosecute.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was forewarned in three Orders that if he did not comply, a recommendation would be made to dismiss this case.  ECF Nos. 4, 6, and 8.  Dismissal is now appropriate.

Case No. 4:24cv267-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2024.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:24cv267-AW-MAF