# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL A. TORREY,**
**DOC # P44879,**

    **Plaintiff,**

vs.                                                      Case No. 4:24cv267-AW-MAF

**CAPTAIN PARRISH, et al.,**

    **Defendants.**
_____/

## O R D E R

    Plaintiff, an inmate proceeding pro se, initiated this civil rights case in early July 2024 by filing a § 1983 complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2, which was granted on July 9, 2024. ECF No. 4. Plaintiff was required to pay an initial partial filing fee of $11.00. *Id.* Although Plaintiff requested, and was granted, an extension of time in which to comply, the docket did not reflect payment was received and a Report and Recommendation was entered on November 15, 2024, ECF No. 9, recommending dismissal for failure to prosecute.

On December 3, 2024, Plaintiff filed an objection to that Report and Recommendation. ECF No. 10. Plaintiff explains that the $11.00 fee was mailed to this Court, and received on October 21, 2024. *Id.* Plaintiff provided a USPS tracking number, which the Court verified. Contact was then made with the Clerk's Office and the missing filing fee has now been located. Because the assessed fee has been paid, ECF No. 11, the Report and Recommendation, ECF No. 9, is vacated.

Plaintiff's complaint, ECF No. 1, has now been reviewed as is required by 28 U.S.C. § 1915A. Plaintiff complains about events which transpired at Apalachee Correctional Institution in August of 2020. *Id.* at 7. He alleges that during a search, he was subjected to an unnecessary and excessive use of force, improperly carried outside the dormitory by four officers, who then intentionally dropped him face down to the ground. *Id.* His personal property was removed from his cell and placed in the hallway for "whoever to steal." *Id.* at 8.

Although Plaintiff's facts generally are sufficient to state a claim, there are two problems which must be corrected before service will be directed. Plaintiff is provided an opportunity to submit an amended complaint to correct the deficiencies identified below.

First, Plaintiff sues two named Defendants, Gullett and Parrish, as well as three John Doe correctional officers. ECF No. 1 at 4. However, Plaintiff sues the Defendants in their official capacities only. *Id.* at 2-3.

A civil rights complaint brought against a state official in his individual capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L. Ed. 2d 90 (1974)). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky, 473 U.S. at 165-66, 105 S. Ct. at 3105 (quoting Monell v. New York City Dept. of Soc. Services, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 1978)). However, to proceed with an official-capacity action, the governmental entity can only be held liable under § 1983 "when the entity itself is a 'moving force' behind the deprivation." Kentucky, 473 U.S. at 166, 105 S. Ct. at 3105 (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)). Put simply, official capacity claims are appropriate when challenging a policy of the Department of Corrections, but are not

appropriate when alleging the actions of an officer who allegedly violated a prisoner's constitutional rights.

Here, Plaintiff has not alleged a viable official-capacity claim because his complaint makes clear that the Defendants "improperly carried" him, suggesting they violated a policy of the Department of Corrections. In that case, that entity's "policy or custom" was not followed and, thus, a department policy did not play a part in the violation of Plaintiff's constitutional rights. Plaintiff cannot sue the Defendants in their official capacities if these are the facts.

Another reason Plaintiff cannot sue these Defendants in their official capacities is because Plaintiff seeks monetary damages from the Defendants. Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"). A § 1983 lawsuit against State officials sued for damages in their official capacities is barred by the Eleventh Amendment.

Case No. 4:24cv267-AW-MAF

The second deficiency with Plaintiff's complaint is his apparent Fourteenth Amendment due process claim for the loss of property. The Supreme Court has made clear that if an inmate's personal property was taken and not returned because of a defendant's negligence, there can be no finding of an unconstitutional deprivation of property. <u>Daniels v. Williams</u>, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d 662 (1986). Moreover, when property is intentionally taken, the claim is still foreclosed. <u>Parratt v. Taylor</u>, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 1916-17, 68 L. Ed. 2d 420 (1981), "and its progeny hold that a deprivation of liberty or property is not cognizable under Section 1983 when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights."[1]  <u>Wood v. Ostrander</u>, 879 F.2d 583, 588 (9th Cir. 1989) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete

---

[1] This aspect of <u>Parratt</u> was not overruled by <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Case No. 4:24cv267-AW-MAF

until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted); *see also* Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (observing that there is a remedy under Florida law for law enforcement's seizure or retention of personal property); Holt v. Givens, 757 F. App'x 915, 922 (11th Cir. 2018) (finding no due process claim because the State of Alabama provided adequate postdeprivation remedies).  When a state court provides an adequate remedy for the deprivation, "then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so."  Horton v. Bd. of Cty. Comm'rs of Flagler Cty., 202 F.3d 1297, 1300 (11th Cir. 2000); *see also* Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1238–39 (11th Cir. 2003).  Plaintiff has state remedies available to address the negligent or wrongful acts of employees causing injury or loss of property.  *See* FLA. STAT. § 768.28(1).  In addition, the Administrative Rules which govern the Department of Corrections permit an inmate to request compensation or replacement of missing property.  FLA. ADMIN. CODE R. 33-602.201(14). There is no indication that Florida's statutory scheme or the administrative

process is not adequate.  Thus, to the extent Plaintiff seeks to sue the Defendants in this § 1983 action for the loss of his property, he should omit that claim from his amended complaint as there is no basis for such a claim under the facts as alleged.

If Plaintiff desires to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly state the factual allegations which support the legal claims raised in the complaint.  The allegations must be more than asserting legal conclusions.  Plaintiff must set forth each allegation in a short, separately numbered paragraph, stated clearly with sufficient detail.

Plaintiff will be provided another civil rights complaint form, marked as an "Amended Complaint."  Plaintiff shall have until **January 8, 2025**, to file an amended complaint.  The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint.  Because an amended complaint completely replaces all previous complaints, claims not raised in the amended complaint are

deemed abandoned.  N.D. Fla. Loc. R. 15.1.  The amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1.  The Report and Recommendation, ECF No. 9, is **VACATED**.

2.  The Clerk of Court shall forward to Plaintiff a § 1983 complaint form so Plaintiff can file the amended complaint as explained above.

3.  Plaintiff has until **January 8, 2025**, to file an amended civil rights complaint, which shall be clearly written and submitted on the court form.

4.  **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

5.  Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

6.  The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or no later than January 8, 2025.

**DONE AND ORDERED** on December 4, 2024.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**